IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SECURITY LIFE OF DENVER
INSURANCE COMPANY                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.: 3:21-CV-4-SA-RP

JOHNY LARRY NOWLIN,
JERRY OWEN, GAIL OWEN, and
JOHN KEVIN NANCE                                                               RESPONDENTS

ORDER GRANTING INTERPLEADER RELIEF

Before the Court is the Agreed Motion for Interpleader Relief [12] filed by the Plaintiff, Security Life of Denver Insurance Company.[1] Having reviewed the Motion [12], it is hereby ORDERED as follows:

**1.     Interpleader Relief.** The Court finds that the Plaintiff is entitled to interpleader relief pursuant to Rule 12 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335.

**2.     Leave to Deposit Funds.** Security Life is hereby granted leave to deposit the Death Benefit, together with any applicable interest or other amounts and deductions required by the Policy, into the Registry of the Court. Security life shall deposit the funds by check or money order, made payable to "U.S. District Court" and delivered, together with a copy of this Order, to the Clerk of Court. The Clerk of Court is directed to deposit the funds into an interest bearing account with an authorized depository, as specified in the Order Regarding deposit and

---

[1] At the time of the filing of the present Motion [12], one of the Defendants, John Kevin Vance, had taken no action in response to the Complaint filed against him. On March 16, 2021, counsel filed an entry of appearance on his behalf. However, Vance has not answered the Complaint or responded to the present Motion [12], and the appearance of counsel does not otherwise impact the Court's ruling on the present Motion [12]. The Court does note, however, that the other parties submitted a proposed agreed order for the Court's consideration in connection with the present Motion [12]. The Court is not entering the Order as agreed since Vance has now entered an appearance and did not indicate his assent to the proposed order.

Investment of Registry Funds (which may be found on the Court's website), and to return such funds on deposit until further Order of the Court.

The Court further finds and concludes that the funds are ordinary "disputed ownership funds" (CRIS DOF). The funds to be deposited are interpleader funds, or other funds which qualify as "disputed ownership funds" as that term is defined by the Internal Revenue Service (26 C.F.R. § 1.468B-9(b)(1)). Accordingly, the Administrative Office of the United States Court is hereby authorized and directed to administer the funds, charge fees, and withhold and pay taxes, under its Disputed Ownership Funds system. (CRIS DOF).

3. **Discharge and Dismissal of All Claims Against Security Life.** Upon completion of the deposit in Paragraph 2:

    a. Security Life shall be discharged from any further liability under the Policy or for the Death Benefit.

    b. All claims Defendants have asserted, or may have asserted, against Security Life in connection with the Death Benefit or Policy shall be dismissed *with prejudice*.

    c. Defendants shall be enjoined from instituting or maintaining any future action or claim against Security Life to the extent such claims arise under or relate in any way to the Policy or Death Benefit.

4. **Award of Attorney's Fees and Costs.** Security Life is entitled to an award of the reasonable attorney's fees and costs it has incurred in connection with this action. Accordingly, Security Life may withhold or deduct the following amounts from the Death Benefit prior to

depositing the same into the Court's registry: (a) $5,798.50 (attorney's fees); and (b) $402 (costs).[2]

**5.**     **Preservation of Claims to Death Benefit.** Nothing in this Order shall be construed as a waiver by Defendants or dismissal of any claim to the Death Benefit, except as expressly set forth in Paragraph 3.

SO ORDERED, this the 17th day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE

---

[2] These amounts are awarded in reliance upon the Declaration of Jason A. Richardson [12-8].